IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 48,

Petitioner,

v.

AFFORDABLE ELECTRIC, INC.,

Respondent.

Case No. 3:25-cv-00875-AB

ORDER

**BAGGIO, District Judge:**

Petitioner International Brotherhood of Electrical Workers, Local 48, filed this petition to confirm an arbitration award against Respondent Affordable Electric, Inc. *See* Pet., ECF No. 1. The Court entered default judgment against Respondent on June 9, 2026. J., ECF No. 21; *see also* Op. & Order, ECF No. 20 (granting in part Petitioner's Motion for Default Judgment). Petitioner now moves for attorney's fees and costs. Pet'r Mot. Att'y Fees & Costs ("Pet'r Mot."), ECF No. 22. The Court grants Petitioner's request for attorney's fees and costs.

The Court first finds that attorneys' fees are recoverable in this matter. Petitioner does not identify a statutory or contractual basis for an award of attorney's fees. *See* Pet'r Mot. 3. Rather, as Petitioner recognizes, to award fees in this case the Court must find that Respondent "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Sheet Metal Workers Int'l Ass'n Local Union No. 359 v. Madison Indus.*, 84 F.3d 1186, 1192 (9th Cir. 1996)). "Generally, when a defendant simply refuses to pay an arbitration award and forces the plaintiff to file a petition to confirm the award, courts grant attorney's fees based on a finding of bad faith." *General Marine II, LLC v. Kelly*, Case No.: 3:21-cv-1425-W-DEB, 2022 WL 4488003, at *2 (S.D. Cal. Sept. 27, 2022) (citing cases). For example, in *Madison Industries*, the Ninth Circuit affirmed the district court's award of attorney's fees where the defendant "simply refused to honor the [arbitration] award rather than filing a petition to vacate it, and requested a vacation of the award only in response to the union's petition to confirm it." 84 F.3d at 1192.

Here, the record shows that Respondent has acted in bad faith. Respondent participated in the underlying grievance proceedings and therefore knew about the awards. *See* Hutzenbiler Decl. Ex. G (Labor-Management Committee Meeting Minutes), ECF No. 19. Respondent also knew that this case was filed but failed to appear in this case or challenge the awards. *See* Mot. Ext. Time, ECF No. 7; Notice ECF No. 13. Indeed, Respondent's filings suggest that Respondent opposes the "excessive" nature of the grievance awards. Notice 2 (asserting that the grievance costs "are quite excessive given everyone has been paid" and "asking the court to dismiss those Grievance costs"). Like the defendant in *Madison Industries*, Respondent simply refused to honor the grievance awards and forced Petitioner to file this case. The Court therefore awards attorney's fees in this case.

The amount of the fees requested is also reasonable. Courts use the "lodestar method" to determine reasonable attorney's fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). That is, courts calculate attorney's fees by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate. *Id.* Here, Petitioner's counsel requests only $3,212 in attorney's fees, based on an hourly rate of $215 to $225. *See* Corr. Hutzenbiler Decl. Ex. C, ECF No. 26. Counsel's requested hourly rate is well below the mean rate of $374 per hour for attorneys in Oregon engaged in plaintiff-side civil litigation. *See* Hutzenbiler Decl. Ex. A, ECF No. 23-1 (excerpt of Oregon State Bar 2022 Economic Survey). The Court also finds that the number of hours spent litigating this case—which involved an order of default and default judgment—was reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (instructing the court to exclude from the lodestar any hours that were not "reasonably expended").

Petitioner's costs are also recoverable. Federal Rule of Civil Procedure 54(d)(1) states "[u]nless a federal statute, these rules, or a court order provides otherwise costs—other than attorney's fees—should be allowed to the prevailing party." 28 U.S.C. § 1920 further permits the court to tax certain costs including, as is relevant here, "[f]ees of the clerk and marshal," which include fees for service of process, and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(1), (4); *see also Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 174, 178 (9th Cir. 1990) ("In making Marshal's fees taxable as costs in section 1920(1), we believe Congress exhibited an intent to make service of process a taxable item."). Here, Petitioner seeks recovery of the filing fee in this case, fees for service on Respondent, postage related to service, and photocopies. *See* Corr. Hutzenbiler Decl. Ex. C, at 2-8. The Court finds that all of these are

recoverable under § 1920(1) and (4). The Court therefore awards taxable costs in the amount of $657.36.

## CONCLUSION

The Court GRANTS Petitioner's Motion for Attorney's Fees and Costs [22]. Petitioner is awarded $3,212 in attorney's fees and $657.36 in taxable costs.

IT IS SO ORDERED.

DATED this 24th day of September, 2026.

AMY M. BAGGIO
United States District Judge